UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:                                                              Case No. 3:11–bk–08099–PMG
Chapter 13

Rolando Reyes

Kristen Reyes

       Debtor\*      /

ORDER SETTING FINAL EVIDENTIARY HEARING

A Final Evidentiary Hearing on Objection to Claim #4 of The Bank of New York Mellon will take place on May 22, 2013 at 01:30 PM in 300 North Hogan Street, 4th Floor – Courtroom 4A, Jacksonville, FL 32202, before the Honorable Paul M. Glenn , United States Bankruptcy Judge, and is estimated to take 2 hours . Therefore, it is hereby

ORDERED that the parties shall comply with the following preparatory measures:

1. RESPONSIVE PLEADINGS, MOTIONS AND OBJECTIONS:

    A. Any response to a motion to lift stay or objection to claims shall be filed within ten (10) days of this Order.

    B. Any and all motions are to be filed not less than ten (10) days prior to the final evidentiary hearing.

    C. All properly filed objections and motions shall be heard at the final evidentiary hearing.

    D. Please bring to the hearing and present to the Court photocopies of any legal authority which counsel intends to cite in support of their respective adversarial positions.

2. EXHIBITS AND WITNESSES

    A. All exhibits must be premarked and listed in accordance with Local Rule 9070–1.

    B. An exhibit list and witness list are to be filed with the Court within fifteen (15) days of this Order.

    C. Copies of the exhibit list and witness list are to be exchanged with opposing counsel within fifteen (15) days of this Order.

D. Counsel are responsible for the timely supplementation of their respective exhibit lists and witness lists any additional exhibits and witnesses prior to the final evidentiary hearing.

E. Any objections to demonstrative exhibits must be made in writing at least ten (10) days prior to the final evidentiary hearing. Any objections not so made shall be deemed waived.

3. DISCOVERY

A. All discovery is to be completed ten (10) days prior to the final evidentiary hearing.

B. To the extent there are disputes during the conduct of discovery in this case, the parties shall first confer in good faith to resolve the issue. If unsuccessful, the parties, or any of them, may request a telephone conference with the Court at a convenient time for all parties at which a court reporter will not be present. If the request is granted, then the Court will hear from the parties and advise the parties informally as to how the Court might rule if formally presented with the dispute. The Court's informal ruling shall be without prejudice to the right of the party to file a formal motion and be heard further on the matters in dispute.

4. TRIAL MEMORANDUM: (This section applies only to those final evidentiary hearings scheduled to exceed one hour.)

The Trial Memorandum shall be filed ten (10) days prior to the evidentiary hearing and shall contain:

### FOR THE MOVANT

A. A list of all pleadings and pending motions.

B. A brief statement of the theory of each cause of action including legal authority for same.

C. A brief summary of movant's contentions of facts in support of each cause of action, AND the evidence relied upon to establish each of the facts contended.

### FOR THE RESPONDENT

A. A brief statement of the theory of respondent's defenses or counterclaims, interest, et al.

B. A brief summary of contentions of facts in support of the legal theories and the evidence to be relied upon to establish each of the facts contended.

Counsel will also state in their respective Trial Memoranda:

A. A statement of all admitted or uncontested facts.
B. A brief statement of contested facts.
C. A statement of contested legal issues.
D. Any legal authority that the parties desire the Court to consider.
E. A statement that parties consent to the jurisdiction of this Court.
F. A statement that counsel has conferred with opposing counsel and has made a good faith endeavor to settle the above–captioned adversary proceeding.

5. STATEMENTS:

Counsel shall supplement the Preliminary Hearing Statement within five (5) days of this Order.

6. SETTLEMENTS:

Counsel for all parties shall confer within seven (7) days prior to the final evidentiary hearing and seek in good faith to settle the case.

It is further ordered that if the matter under consideration is relief from the automatic stay pursuant to 11 U.S.C. Section 362, the automatic stay shall be extended until further order of this Court.

The schedule set forth above shall control the handling of this case. No variations or adjustments shall be made in the schedule without prior concurrence by the Court upon request by written motion. Failure to comply with this Order shall result in appropriate sanctions.

<u>Appropriate Attire.</u> You are reminded that Local Rule 5072–1(b)(16) requires that all persons appearing in court should dress in business attire consistent with their financial abilities. Shorts, sandals, shirts without collars, including tee shirts and tank tops, are not acceptable.

<u>Avoid delays at Courthouse security checkpoints.</u> You are reminded that Local Rule 5073–1 restricts the entry of cellular telephones and, except in Orlando, computers into the Courthouse absent a specific order of authorization issued beforehand by the presiding judge. Please take notice that as an additional security measure a photo ID is required for entry into the Courthouse.

Dated January 25, 2013 .

_____
Paul M. Glenn
United States Bankruptcy Judge

Copies furnished to:
Debtor
Debtor's Attorney
Trustee
US Trustee
The Bank of New York Mellon

*All references to "debtor" shall include and refer to both debtors in a case filed jointly by two individuals.